# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 12 CR 50044 |
| | ) | |
| Michael Flournoy, | ) | |
| | ) | |
|     *Defendant*. | ) | Judge Frederick J. Kapala |

## ORDER

Defendant's motion to disqualify [184] is denied. This case is set for continued sentencing hearing on 6/11/2014 at 9:30 a.m.

## STATEMENT

    Defendant, Michael Flournoy, and co-defendants Cesar Sanabria-Sanchez ("Cesar") and JoseLuis Sanabria-Sanchez ("Jose"), were charged with conspiring to possess with intent to distributesix kilograms of cocaine in violation of 21 U.S.C. § 846; and attempting to possess with intent to distribute six kilograms of cocaine, in violation of 18 U.S.C. § 841(a)(1). Cesar and Jose pleaded guilty and Jose testified at Flournoy's jury trial. The jury found Flournoy guilty of both offenses. Flournoy has since discharged his counsel and waived his right to be represented by an attorney. Currently before the court is defendant's second motion before this court seeking this court's recusal alleging the appearance of impropriety, personal bias, and having knowledge of evidentiary facts concerning the proceedings.[1] Defendant seeks disqualification under both 28 U.S.C. § 144 and § 455, and has filed an affidavit in support of the motion for disqualification. Defendant's motion is denied for the reasons stated below.

    Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear

---

[1] This is at least defendant's third attempt to have this court removed from this case. Defendant filed a judicial misconduct complaint on January 9, 2014. On January 23, 2014, Chief Judge Diane P. Wood dismissed defendant's complaint because the allegations of misconduct were based solely on this court's judicial rulings and that there was insufficient evidence to raise an inference that any misconduct had occurred. See 28 U.S.C. § 352(b)(1)(A)(iii). Defendant appealed Chief Judge Wood's order and on February 24, 2014, the Judicial Council of the Seventh Circuit affirmed the dismissal of defendant's complaint.

such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. The challenged judge must initially determine the legal sufficiency of the affidavit assuming the truth of the factual allegations, even if it knows them to be false. United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993). "[T]he facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions or rumors are insufficient." Id. The bias must be personal not judicial, stemming from an extrajudicial source not what the judge has learned through participation in the case. Id. "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994).

Putting aside any timeliness or lack of certification issues, defendant's affidavit is insufficient to require recusal because he complains exclusively of adverse judicial rulings. In one instance, defendant attempts to show bias based on personal knowledge of evidentiary facts because this court accepted the guilty pleas of his codefendants which, according to defendant, included factual bases that demonstrate Jose committed perjury at his trial. However, in ruling on defendant's motion for new trial, the court merely applied the law to the facts of the case and determined that there was no perjury. The court's ruling on this issue was two-fold. First, the court found that the plea agreements erroneously indicated that Jose went to the trunk of the Honda to manipulate the bundles of cash and therefore defendant failed to show that Jose testified falsely when he indicated at trial that defendant went to the trunk. That this court took the codefendants' pleas of guilty is of no consequence. See United States v. Bernstein, 533 F.2d 775, 785 (2d Cir. 1976) ("The rule of law, [for § 144 and therefore § 455(a) ], . . . is that what a judge learns in his judicial capacity-whether by way of guilty pleas of codefendants or alleged coconspirators, or by way of pretrial proceedings, or both-is a proper basis for judicial observations, and the use of such information is not the kind of matter that results in disqualification."). Second, the court found that the inconsistency was not material because irrespective of who went to the trunk to manipulate the bundles of cash the evidence presented at trial, and accepted by the jury, showed that it was defendant who ultimately dumped the money into the vehicle of the undercover agent posing as a seller of cocaine. For these reasons, taking the factual allegations of defendant's affidavit as true, it merely challenges this court's rulings and is therefore not legally sufficient "to convince a reasonable person that bias exists." See Sykes, 7 F.3d at 1339. Consequently, defendant's motion to recuse pursuant to § 144 is denied.

Defendant also moves for this court's recusal under § 455 claiming personal bias or prejudice against him and in favor of the government, and also claiming that the court had knowledge of disputed evidentiary facts concerning the proceeding. Section 455 provides that "[a]ny . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Defendant's motion to recuse under § 455 fails for the same

reason it fails under § 144, adverse judicial rulings are not grounds for recusal. See Liteky, 510 U.S. at 555. Defendant has also characterized this court's expression of disappointment in defendant's continued claim that he did not dump the bundles of money into the undercover agent's vehicle as "mean" and indicative of this court's bias or prejudice against him. However, "[t]he fact that the judge might have formed an opinion concerning the guilt or innocence of the defendant from the evidence presented at an earlier trial involving the same person is not the kind of bias or prejudice which requires disqualification." See United States v. Dichiarinte, 445 F.2d 126, 132 (7th Cir. 1971). The motion to recuse thus fails under § 455(a) because plaintiff has failed to demonstrate an objectively reasonable basis for questioning the court's impartiality. In addition, no circumstances associated with this case warrant the disqualification of the court under any provision of § 455(b).

Date: 4/24/2014                              ENTER:

                                             _____

                                             FREDERICK J. KAPALA

                                             District Judge